UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MALO, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALTA MERE INDUSTRIES, INC, <u>et al.</u>, <br><br> Defendants. | Case No. 2:06-CV-01449 <br><br> **ORDER** |

Currently before the Court is Plaintiff and Third-Party Defendant Mark Loiacano's (Loiacano) Emergency Motion to Compel Compliance with Court Order or Alternatively for a Stay of Injunction Pending Appeal (#66), filed July 10, 2007.

**I. Background**

On November 29, 2006, Defendants filed a Mandatory Preliminary Injunction (#15) asking the Court to require Plaintiff to turn over Malo, Inc.'s (Malo) assets for $50,000 as required under a settlement agreement entered into by the parties during an earlier bankruptcy proceeding. (Pet. For Removal Ex. A.) On May 29 and 30, 2007, the Court held a hearing on the Motion and took the matter under advisement. On June 11, 2007, the Court issued an Order granting Defendants' Mandatory Preliminary Injunction, and ordering the parties to proceed with the sale of the franchise

business as delineated under the terms of the previous bankruptcy settlement agreement without delay.

Here, Plaintiff argues that it has attempted to comply with the Court's June 11, 2007 Order, but has been unable to do so because Defendants refuse to pay the $50,000 as required, demanding instead, that Plaintiff owes Defendants as much in attorney's fees. Here, Plaintiff requests that the Court compel Defendants to comply with its Order of June 11, 2007, and facilitate an exchange of Malo's assets for $50,000. In the alternative, Plaintiff contests the Court's Order granting the Mandatory Preliminary Injunction, and argues that the evidentiary hearing held on May 29 and 30, 2007, violated procedural due process, that the Court failed to set a bond amount, and that the Court stay the Mandatory Preliminary Injunction pending appeal.

**II. Analysis**

As stated above, on June 11, 2007, this Court issued an Order granting Defendants' Motion for Mandatory Preliminary Injunction that required Plaintiff to turn over Malo, Inc.'s (Malo) assets for $50,000 as required under the previously entered settlement agreement, directed the parties to enter into an asset purchase agreement, and enjoined Plaintiffs from using Alta Mere telephone numbers.

According to Defendants' current Motion, to date, the parties have failed to proceed with the sale of Malo's assets or to draft and adopt an asset purchase agreement.

**A. Bond Amount**

Plaintiff argues that the Court failed to designate an amount for bond as required under Fed. R. Civ. P. 65(c) when it granted Defendants' Motion for Mandatory Preliminary Injunction.

Fed. R. Civ. P. 65(c) states,

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof.

2

The Court did not fail to designate an amount for bond. Due to the unique circumstances surrounding this case, the Court found it unnecessary to require Defendants to issue a bond amount separate and aside from the $50,000 it was already required to pay to acquire Malo's assets under the terms of the previously entered settlement agreement. The bond amount was subsumed in the Court's Order that Defendant's pay the agreed to $50,000 purchase price. Notably, in neither its pleadings or motions, did Defendants request a bond amount or proffer any argument or evidence to suggest that the $50,000 payment was insufficient to cover the transfer of the Malo assets.

Here, the Court maintains that the bond amount was subsumed in the Court's Order that Defendants pay Plaintiff $50,000 for Malo's assets pursuant to the settlement agreement.

**B. Attorney's Fees**

Plaintiff also argues that Defendants now refuse to pay Plaintiff the $50,000 agreed to under the terms of the settlement agreement, and pursuant to this Court's Order of June 11, 2007. Allegedly, Defendants contend that the Court's Order of June 11, 2007, awarded Defendants attorney's fees in or around the amount of $50,000, and therefore, that Defendants are not required to pay Plaintiffs the agreed upon purchase price ($50,000) for Malo's assets. If this is the case, Defendants are mistaken. To date, the Court has awarded no attorney's fees in this case. Although Defendants have requested attorney's fees in their Motion for Summary Judgment (#62), the Court has not yet ruled on said Motion.

**C. Due Process**

Plaintiff's instant Motion requests that the Court stay the Mandatory Preliminary Injunction "until every avenue of appeal has been exhausted." (Pl.'s Mot to Compel at 3.) Plaintiff argues for the stay, contending that the Court violated Loiacano's right of Due Process by denying him adequate time to present his case or to question Stewart Reeder ("Reeder") and Peter Baldine ("Baldine") during the hearing held on Defendant's Motion for Mandatory Preliminary Injunction on May 29 and 30, 2007. Plaintiff's argument fails for several reasons, foremost, because the Court was not required to hold a hearing prior to granting the Mandatory Preliminary Injunction. In this case, the filed

1 pleadings proffered ample evidence to grant Defendants' Motion.[1]  Here, the Court held the hearing to allow the parties the opportunity to present new evidence and to employ a higher degree of scrutiny for the issuance of a mandatory preliminary injunction.[2]

The written pleadings and exhibits in this matter sufficiently briefed the issues before the Court, leaving no serious questions that would preclude the Court from granting Defendants' Mandatory Preliminary Injunction.  "Serious questions" are "questions which cannot be resolved one way or the other at the hearing on the injunction." Rep. of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988), cert. denied, 490 U.S. 1035 (1989).  To be considered "serious" a question must be sufficiently "substantial, difficult and doubtful" so as to require further investigation.  Id. Such questions need not show a certainty or even probability of success, but they "must involve a 'fair chance of success on the merits.'" Id. (quoting Nat'l Wildlife Fed'n v. Coston, 773 F.2d 1513, 1517 (9th Cir.1985)).

As stated in the Court's Order of June 11, 2007, the Court reviewed the record in this case extensively, together with the evidence presented at the evidentiary hearing, and found that the record raised no questions requiring further investigation.  Moreover, prior to the evidentiary hearing, the Court found no serious questions.  As stated above, the hearing was held in order to ensure that the higher standard required for a mandatory preliminary injunction was met.

---

[1] In its Order granting the Injunction, the Court found that Defendants had proven the possibility of irreparable injury—specifically, that equitable relief could not be adequately measured in monetary compensation, likelihood of success on the merits under Nevada law, that there were no serious questions going to the merits, and that the balance of hardships weighed heavily in favor of Defendants. (See Order #54.)

[2] As explained in the Court's Order of June 11, 2007, a mandatory injunction "'goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored'" under the law of the Ninth Circuit.  Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir.1980) (quoting Martinez v.Mathews, 544 F.2d 1233, 1243 (5th Cir.1976)). A request for a mandatory preliminary injunction is subject to a "higher degree of scrutiny because such relief is particularly disfavored, Stanley v. University of Southern California, 13 F.3d 1313, 1320 (citing Anderson, 612 F.2d at 1114), and the district court should deny such relief "'unless the facts and law clearly favor the moving party.'" Martinez, 544 F.2d at 1243.

Plaintiff also argues that he was not afforded sufficient time at the hearing to present his case. This argument is unsupported. Plaintiff contends that he was allowed only one hour to present his case, while Defendants were allowed eight and a half hours to present their case. While at first blush this argument gives the impression that the hearing was lopsided, the Court notes that Plaintiff made no objections regarding the amount of time given to examine and cross-examine witnesses, and that both parties were given equal opportunities to present, examine, and cross-examine all witnesses. Notably, during the hearing, and prior to the Court's dismissal of any witnesses, counsel for the Plaintiff indicated that he had no further questions for each witness. ( See Transcript pp. 203, 219, 228, 258, 259, 274.) As further proof that Plaintiff was afforded sufficient and fair opportunity to question all witnesses and present its case, the Court notes that when witness Peter Baldine ("Baldine") was on the stand at the close of the May 29 hearing day, the Court, noting that it was nearing 5:00 p.m., asked Plaintiff's counsel how much time he needed in order to finish questioning the witness. Counsel for the Plaintiff indicated that he wanted the witness held over for continued examination the following day. The Court complied, and held Baldine over for further examination the following day. (See Transcript p. 238.)

Moreover, Barbara Moran's ("Moran") testimony on direct took a great deal of time because the witness was setting out the factual circumstances of the case. Counsel for the Plaintiff made no objection to the amount of time Defendants were taking on direct, and likewise, was given full opportunity to cross-examine Moran. Furthermore, when Counsel for the Plaintiff asked the Court if it would accept the affidavit of witness Mark Loiacano rather than duplicate Moran's testimony, the Court accepted the affidavit, thus mitigating the amount of time required for Loiacano's testimony. (Transcript p. 261.)

Additionally, the Court notes that counsel for the Plaintiff spent a large amount of time during the hearing introducing documents that had previously been submitted to the Court via pleadings, and that additional time was lost because counsel for the Plaintiff failed to provide the Court or clerk with copies of the exhibits. (See Transcript p 192.) Further, during the hearing, the

Court noted that Plaintiff's questioning was somewhat repetitious, as Plaintiff presented arguments and documents already before the Court.  (See Transcript p. 203.)

For these reasons, the Court finds that both parties were given equal opportunity to present their case and evidence, and that Plaintiff's right of due process was not violated.  Additionally, the Court finds that staying the Injunction at this time is neither merited nor appropriate.  As stated in its Order granting Defendants' Mandatory Preliminary Injunction, Defendants will suffer irreparable harm without immediate injunctive relief.  Moreover, specific performance under the settlement agreement is merited in this case because of the uniqueness of the franchise business, its relationship with customers, the potential for confusion, use of the Alta Mere brand, lack of warranty service for Alta Mere customers, and the location of the franchise business, which make it difficult to measure equitable relief in terms of monetary compensation.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Compel Compliance with the Court Order or Alternatively for a Stay of Injunction Pending Appeal (#66) is **DENIED**.

DATED this 24th day of July, 2007.

Kent J. Dawson
United States District Judge